**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SHELLEY CARTER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. CIV-18-226-HE |
| **UNUM GROUP,** | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Shelley Carter, an individual, by and through her attorney of record, Miles L. Mitzner, and for her complaint against Unum Group. ("Unum"), a Tennessee corporation, alleges and states as follows:

## NATURE OF COMPLAINT

1. This action is brought by Plaintiff pursuant to the Employee Retirement Income Security Act (hereinafter "ERISA" or "The Act"). 29 U.S.C §§ 1001-1461.

## PARTIES

2. Plaintiff is an individual, residing in Yukon, Canadian County, Oklahoma and was an employee of The Physician's Group, LLC. ("Physician's Group"). As a Physician's Group employee she was qualified to participate in the Physician's Group Long Term Disability Plan (hereinafter "the Plan"), an employee welfare benefit plan within the terms of 29 U.S.C. § 1002.

Defendant Corporation is a Tennessee corporation, and doing business in Oklahoma (hereinafter "Defendant").

## JURISDICTION AND VENUE

3. Paragraphs one through three are incorporated herein by reference.

4. This is an action arising under the laws of the United States, specifically 29 U.S.C. § 1132(a)(3). This Court has original jurisdiction of this action pursuant to 29 U.S.C § 1132(e)(1) and 28 U.S.C. § 1331.

5. Defendant is subject to the exercise of personal jurisdiction by this Court because it is serviceable in the State of Oklahoma, it has established sufficient "minimum contacts" with the State of Oklahoma and it has purposely availed itself of the benefits and privileges of Oklahoma law. Fed. R. Civ. P. 4(k)(1)(a); 12 O.S. § 2004; *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 289-95 (1980).

6. This Court is a proper venue for this action pursuant to 29 U.S.C § 1132(e)(2) and 28 U.S.C. § 1391.

## BACKGROUND

7. Paragraphs one through eight are incorporated herein by reference.

8. Plaintiff was employed by Physician's Group and obtained long term disability insurance benefits through the Physician's Group Long Term Disability Plan, Group Policy number 581149 001 (hereafter the "Plan").

9. Plaintiff filed a claim for Long Term Disability Benefits from Defendant.

10. Defendant then denied Plaintiff's benefits on April 11, 2016.

11. Plaintiff appealed this decision but was denied on January 5, 2018.

12. Plaintiff has been unable to return to her work since on or about the first day of

October 2015, because of systemic lupus erythematosus (SLE) with cognitive impairment, Raynaud's phenomenon and neuropathy with arthralgias, complicated gastrointestinal condition with gastritis and gastro-esophageal reflux disease, and overall gastrointestinal issues exacerbated by SLE and side effects of treatment for SLE, and migraine headaches.

13. The Plan requires Defendant to provide long term disability benefits to Plan participants who are disabled.

14. A Plan participant is "disabled" under the terms of the Plan if "the Covered Person is eligible for the 36 Month Own Occupation Benefit, "Disability" or "Disabled" means during the Elimination Period and the next 36 months of Disability the Covered Person is unable to perform all of the material and substantial duties of his occupation on an Active Employment basis because of an injury or sickness; and after 36 months of benefits have been paid, the Covered Person is unable to perform, with reasonable continuity, all of the material and substantial duties of his own or any other occupation for which she is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity."

## COUNT I

15. Paragraphs one through fifteen are incorporated herein by reference.

16. The Plan of which Plaintiff is a participant requires Defendant to provide Plaintiff with long term disability benefits because she is disabled within the meaning of the Plan.

17. Plaintiff's illnesses, cumulatively, have rendered Plaintiff unable to perform the material duties of her work, under the meaning of the Plan.

18. Plaintiff's illnesses, cumulatively, have rendered Plaintiff unable to perform the material duties of any occupation for which she is or may reasonably become qualified, under the meaning of the Plan.

19. Plaintiff timely and properly took all necessary measures in filing her claim for benefits and in filing all appeals from the denial of that claim.

20. Throughout her claims and appeals process, Plaintiff satisfied all conditions prerequisite to her receiving long term disability benefits under the Plan, including her provision of satisfactory proof of Disability.

21. On or about the eleventh day of April 2016, Defendant erroneously denied Plaintiff's claim for long term disability benefits.

22. On or about the fifth day of January 2018, Defendant erroneously denied Plaintiff's appeal from Defendant's denial of Plaintiff's claim for long term disability benefits.

23. Defendant's denial of Plaintiff's claim for benefits was made arbitrarily and in bad faith, unsupported by substantial evidence, erroneous as a matter of law, and thus a violation of ERISA.

24. Plaintiff has exhausted all administrative remedies available to her under the Plan.

25. Defendant has failed to provide to Plaintiff the benefits for which she is qualified under the Plan. Defendant's failure constitutes a breach of the terms of the Plan

and a violation of ERISA.

26. Defendant has failed to provide Plaintiff with the opportunity for a full and fair review of her claim to which she is entitled under 29 U.S.C § 1133 and 29 C.F.R. § 2560.502-1(h)(1).

**WHEREFORE**, premises considered, Plaintiff prays that this Court declare as follows:

1. That Plaintiff is entitled to in excess of $100,000.00 in damages as a result of Defendant's failure to provide to Plaintiff the long-term disability benefits to which Plaintiff was entitled.

2. That Defendant is enjoined from withholding benefits to which Plaintiff is entitled.

3. That Plaintiff is owed, by Defendant, for Plaintiff's attorney fees and costs.

4. That Plaintiff is entitled to such other relief as this Court deems just and proper.

5. Plaintiff requests a judicial settlement conference with a US Magistrate Judge.

Date: March 5, 2018

Respectfully submitted,

s/ Miles L. Mitzner
MILES L. MITZNER, OBA #12144
MITZNER LAW FIRM, PLLC
P.O. Box 5700
Edmond, OK 73013
T: (405) 348-3400 | F: (405) 348-3300
miles@mitzner.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**